■ MANUEL RODRIGUEZ, Appellant, v DAVID BRENDER et al., Respondents.—Judgment, Supreme Court, Bronx County, entered on September 3, 1976, dismissing the complaint at the close of plaintiff's case, is unanimously reversed, on the law and in the exercise of discretion, and vacated, and a new trial directed, with $60 costs and disbursements of this appeal to abide the event. In this personal injury action, plaintiff, a passenger for consideration, in an automobile operated by defendant, David Brender, was injured in an accident. The circumstances, and indeed even the location, of the accident, were not clearly established. Plaintiff really did not know how the accident happened but he did testify that the car hit a column or pillar in a construction area; that it came to a stop resting against a pillar; and that it was still in a hole when he got out of the car. He also testified on examination before trial that the car had been zigzagging. Weather conditions were very poor; it was night time; it was raining or drizzling. The situation is complicated by the fact that neither the complaint nor the bill of particulars refers to the car hitting a column or a pillar, or any obstruction, and does not even give the correct location of the accident by some miles. Nevertheless, in this situation, with a passenger for hire who did not really know how the accident happened, we think there was enough presented so that the Trial Judge should not have dismissed the case at the close of the plaintiff's case but that the defendants, and particularly the driver, who presumably had the best information as to what happened, should have been called upon to give such explanation as they could of the accident. Even if the driver is held liable, there will still be a question whether defendant Parkway Private Car Service, Inc., is liable on the

principle of *respondeat superior;* this too, we think should await further exploration at the new trial. Concur—Lupiano, J. P., Silverman, Evans and Capozzoli, JJ.